## JAMES P. BUTLER
### v.
## COUNTY OF McLEAN.

*Criminal Law—Rewards—Horse Thief—Powers of County Boards—Statutes.*

Under Sec. 15, Chap. 60, R. S., county boards have power to offer the reward therein named for the capture of a thief, where the property stolen is a horse of less value than $50.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

This was an action brought by appellant against appellee to recover a reward of $100 each, for the capture of three horse thieves. A jury was waived and the case tried by the court.

Under the authority given by Sec. 15, Chap. 60, R. S., the board of supervisors of the county of McLean passed the following resolution :

"Whereas, at the March meeting of this board the reward for the capture of horse thieves was raised from $50 to $100; therefore, be it resolved that the resolution be so changed as

to read, the reward for the capture and conviction of any horse thief shall be $100, one-half of which shall be left in the hands of the chairman of this board to defray expenses of capture if necessary."

Under the inducement offered by this section and resolution, appellant captured three horse thieves, viz: Pearl Mosier, Benjamin Moore and Silas Buckles. All three were afterward convicted of horse stealing. Each of the first two stole a horse worth more than $50. The last one, Silas Buckles, stole a horse worth less than $50.

The court below allowed appellant $100 each, less amounts that had previously been allowed him by the appellee, for the first two, and refused to allow him anything for the capture and conviction of the last named horse thief on the ground that the horse stolen by him was worth less than $50. To test this decision the appellant brings the case to this court.

Mr. A. E. DeMange, for appellant.

Messrs. E. H. Minor and E. O'Connell, for appellee.

Wall, J. It is provided by Sec. 15, Chap. 60, R. S., that, "the county boards of the respective counties may offer rewards not exceeding $1,000 each for the pursuit, arrest, detection or conviction of any person guilty of stealing any horse, mare, colt, mule, ass, or neat cattle, or any other property exceeding $50 in value." And the question presented here is whether such reward can be offered where the property stolen is a horse not exceeding $50 in value. It was held by the Circuit Court that this qualification of value is to be applied to each of the different animals named so that no reward can be based upon the larceny of any unless of the stated valuation.

We are unable to agree with this construction. It is general knowledge that very few colts or cattle are worth $50. Yet such property is peculiarly exposed to theft, which is one—perhaps the controlling reason for affording it the special protection of this law. The larceny of a horse, mule or ass subjects the convicted offender to confinement in the penitentiary for the term of not less than three nor more

than twenty years, regardless of value, while for other larcenies the term is less and it is necessary to aver and prove the special value of more than $15.

The well known policy of our legislation on this subject might properly be called in aid when construing the present enactment; but it is not necessary. Considering the language employed, with the punctuation as given, it is very clear that the qualification was intended to apply, not to the property named specially, but to other property having less need of peculiar protection, wherefore it was deemed necessary to add this limitation, as to such other property. Reading, however, without regard to punctuation, we reach the same conclusion. It is a familiar rule that every part of a statute is to be treated as having force, meaning and import. It is not to be supposed that the legislature purposely inserted superfluous words in an enactment. Rather it is to be presumed that every word had a proper significance. Here we find six different classes of animals specially enumerated, and the words, "or any other property exceeding $50 in value."

If the construction contended for by appellee is correct, nothing was accomplished by such enumeration and the section means no more than it would if these classes had been omitted and the section had merely provided that in case of the larceny of any property worth so much the reward might be offered.

This is a remedial or an enabling statute intended to afford additional protection to property and to repress felony. It should not receive a construction so narrow as to render useless and unmeaning a substantive portion thereof, consisting of terms evidently selected with care and in view of some definite object and purpose.

The construction should be liberal rather than strict. We think there is little need of extrinsic aid in construing the language and that the plain import is that the limitation of value does not apply to the different animals specially designated, but only to other property not enumerated.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*